**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

DANIEL ROBLES,                                    CASE NO.: 9:22-cv-81268-DMM

     Plaintiff,

v.

FOTO BOYZ, INC., a Florida Profit
Corporation, and
MICHAEL L. WEXLER, and
PHILLIP WEXLER,

     Defendants.

_____/

## FIRST AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DANIEL ROBLES ("Plaintiff" or "ROBLES"), by and through undersigned counsel, files this Complaint against Defendants, FOTO BOYZ, INC. ("FB") and MICHAEL L. WEXLER ("M. Wexler") and PHILLIP WEXLER ("P. Wexler"), and states as follows:

## NATURE OF THE SUIT

1.    This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendants overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff was an employee who performed services on behalf of Defendants in Palm Beach County, Florida.

3.      Defendant FB is a Florida Profit Corporation located in Palm Beach County, Florida, and which, at all times relevant, performed work in Palm Beach County, Florida.

4.      Defendant Michael L. Wexler is an individual and *sui juris*, is a manager and owner of FB, and acts directly and indirectly in the interests of Defendant FB.  Defendant Wexler has the power to direct employees' actions and is a member of the management of FB.  Wexler's management responsibilities (including hiring and firing, setting rates of pay, scheduling, etc.), degree of control over day-to-day operations and compensation practices, and role in causing FB to improperly compensate employees in violation of the FLSA makes Defendant Wexler and individual employer pursuant to 29 U.S.C. §203(d).

5.      Defendant Phillip Wexler is an individual and *sui juris*, is a manager and owner of FB, and acts directly and indirectly in the interests of Defendant FB.  Defendant Wexler has the power to direct employees' actions and is a member of the management of FB.  Wexler's management responsibilities (including hiring and firing, setting rates of pay, scheduling, etc.), degree of control over day-to-day operations and compensation practices, and role in

causing FB to improperly compensate employees in violation of the FLSA makes Defendant Wexler and individual employer pursuant to 29 U.S.C. §203(d).

6.     Under the FLSA, to determine "joint employer" status, courts examine, among other things, whether the alleged employer : (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

7.     Based on the allegations of Paragraphs 3-5, above, Defendants FB and Wexler are "joint employers" as defined by the FLSA, and are individually, jointly, and severally liable for the violations at issue in this lawsuit pursuant to 29 C.F.R. § 791.2(b) and as employers under the FLSA, 29 U.S.C. §203(d).

8.     Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

9.     Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

## **FLSA COVERAGE**

10.     At all times material hereto, Defendants were a jointly covered

3

enterprise covered (as joint employers) by the FLSA and as defined by 29 U.S.C. §§ 203(r) and 203(s).

11.     At all times material hereto, Defendants were the "joint employers" within the meaning of the FLSA.

12.     At all times material hereto, Defendants were, and continue to be, a joint "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said joint enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13.     At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

14.     At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

15.     Based upon information and belief, the annual and gross revenue of FB was in excess of $500,000.00 per annum during all times relevant.

16.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

17.     At all times material hereto, Defendants were primarily engaged in

4

providing, among other things, photo booth rentals, game rentals, and marketing services in Palm Beach County, Florida.

18.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

19.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

20.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as photo booths, cameras, and other photographic equipment, but which had come to rest within its location in Palm Beach County, Florida.

21.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants in that Defendants could not operate their businesses without, among others, employees to provide goods and services to customers.

22.     At all times material hereto, Defendants performed related activities, for a common business purpose, and with shared employees and operational control as explained above.

23.     At all times material hereto, as a matter of economic reality, Defendants were a joint enterprise.

### **FACTUAL ALLEGATIONS**

24.     Plaintiff began working for Defendants in November 2021 and continued until April of 2022.

25.     Plaintiff always worked in Palm Beach County, Florida, and his activities were at all times controlled and closely supervised by Defendants' managers and supervisors.

26.     Though called an "Operations Manager," by Defendants, Plaintiff did not engage in the managerial duties necessary to be classified as an exempt employer under the FLSA.

27.     Plaintiff had no authority to hire or fire employees of Defendants.

28.     Plaintiff had no authority to discipline employees of Defendants.

29.     Plaintiff had no authority to determine or to change the schedules to be worked by any employees of Defendants.

30.     Plaintiff had no authority to set rates of pay for other employees or agents of Defendants.

31.     Plaintiff had no input into performance reviews of other employees or agents of Defendants.

32.     All of Plaintiff's major decisions had to be cleared in advance by

one of Defendants' supervisors.

33.     Plaintiff was closely monitored by Defendants' managers and supervisors at all times.

34.     Plaintiff followed procedures established by Defendants and did exactly as he was instructed to do.

35.     Plaintiff was clearly misclassified by Defendants as an exempt employee in violation of the FLSA.

36.     Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

37.     Defendants paid Plaintiff a flat rate of $1,100.00 per week, regardless of how many hours he worked.

38.     Since November 2021, Plaintiff regularly worked an average of seventy-two (72) or more hours per week for Defendants.

39.     Defendants failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period, instead paying him a flat rate of $1,100 per week.

40.     In other words, Defendants unlawfully paid Plaintiff $15.28 for all his hours worked, including hours worked in excess of forty (40).

41.     When Plaintiff worked more than forty (40) hours in a given work week, Defendants failed to properly pay him for all overtime hours worked.

42.     Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

43.     Defendants violated Title 29 U.S.C. §207 in that:

(a)  Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants;

(b)  No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c)  Defendants failed to maintain proper time records as mandated by the FLSA.

44.     Taking an average of thirty (30) overtime ("OT") hours per week, Plaintiff is owed 32 OT hours x $7.64 per hour totaling $244.48 per week.  Plaintiff worked approximately 26 weeks for Defendants. As such Plaintiff is owed a total of $244 x 26 = $6,356.48 in unliquidated overtime damages, and $12,712.96, including liquidated damages, plus attorneys' fees and costs.

45.     Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

46.     Prior to violating the FLSA, Defendants did not consult with the DOL

to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

47.     Prior to violating the FLSA, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

48.     Based on the allegations in Paragraphs 44-46, above, Plaintiff is entitled to liquidated damages, as Defendants have no objective or subjective good faith belief that their pay practices were in compliance with the FLSA.

49.     Plaintiff continues to suffer damages based on Defendants' unlawful pay practices.

50.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

51.     Plaintiff reincorporates and re-alleges paragraphs 1 through 50 above, as though set forth fully herein, and further alleges as follows:

52.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

53.     During Plaintiff's employment with Defendants, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

54.     Plaintiff was not an exempt employee as defined by the FLSA.

55.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

56.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendants, and that this Court:

a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses

of the litigation pursuant to 29 U.S.C. §216(b);

e.   Award Plaintiff pre-judgment interest; and order any other and

further relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of

right by jury.

DATED this 26th day of October 2022.

Respectfully Submitted,

**By:** *_/s/Lisa Kuhlman_*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
lisa@floridaovertimelawyer.com

*Counsel for Plaintiff*